UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICIA DENISE GENTRY | * | CIVIL ACTION |
| VERSUS | * | NO. 23-5020 |
| TJX COMPANIES INC., ET AL. | * | SECTION "R" (2) |

**ORDER AND REASONS**

Pending before me are Plaintiff Patricia Denise Gentry's Motion to Compel Discovery and Strike Untimely Denials to Requests for Admission (ECF No. 9) and Defendant TJX Companies Inc.'s Motion to Withdraw Admissions (ECF No. 10).  Both parties timely filed Opposition Memoranda.  ECF Nos. 11, 12.  Plaintiff filed a Reply Memorandum.  ECF No. 13.  No party requested oral argument, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's  Motion to Compel and Strike (ECF No. 9) is DENIED WITHOUT PREJUDICE and Defendant's Motion to Withdraw Admissions (ECF No. 10) is GRANTED for the reasons stated herein.

**I.      BACKGROUND**

This is a personal injury case arising from an alleged slip and fall at a TJ Maxx store in New Orleans, Louisiana.  ECF No. 1.  Plaintiff seeks to compel Defendant to respond to interrogatories and requests for production, and further asks that Defendant's untimely responses to Plaintiff's requests for admission be stricken.  ECF No. 9.

Defendant opposes the motion, arguing that it produced its discovery responses on the same day Plaintiff filed her motion to compel.  ECF No. 11.  Defendant argues that withdrawal of deemed admissions allows the case to proceed on its merits and is not prejudicial to plaintiff.  ECF Nos. 10-2 at 2-5; 11 at 2-3.

1

Plaintiff disputes the contention that withdrawal would promote presentation on the merits given the "heavy burden of proof on plaintiffs" in slip and fall cases. ECF No. 12. She further argues that withdrawal of the admissions would cause undue prejudice to her given Defendant's "abuses of professional courtesies" over the last few months. *Id*. at 7. Plaintiff asserts that she requested admissions of "simple facts, easily within the knowledge of TJ Maxx and its employees," hence withdrawal would not facilitate the development of the case. *Id*. at 5. Plaintiff further argues that Defendant's responses to the requests for admission do not comply with Rule 36 or caselaw. *Id*. at 6. Plaintiff claims that Defendant's denials unfairly shift the burden and expense of investigation and discovery to the Plaintiff. *Id*. at 7. Plaintiff's Reply Memorandum repeats her untimeliness argument and asks that the court overrule Defendant's general and boilerplate objection responses and compel supplemental responses. ECF No. 13.

## II.     APPLICABLE LAW

### A. Duties in Responding to Discovery Requests

Both Rules 33 and 34 require a party to serve responses within 30 days of service, absent court order or stipulation. FED. R. CIV. P. 33(b)(2); 34(b)(2)(A). A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and explain whether any responsive information or documents have been withheld.[1]

For each request, the respondent must either state that the inspection or production will be permitted or state with specificity the grounds for objecting to the request, including the reason.

---

[1] *Lopez*, 327 F.R.D. at 580 (citation omitted).

FED. R. CIV. P. 34(b)(2)(B).  If a party fails to produce documents, respond that inspection will be permitted, or permit inspection, the party seeking discovery may, on notice to other parties and certification that the parties participated in a Rule 37 conference in good faith, move for an order compelling an answer, designation, production, or inspection.  FED. R. CIV. P. 37(a).

### B. Objections

The Federal Rules of Civil Procedure take a "demanding attitude toward objections,"[2] and courts have long interpreted the rules to prohibit general, boilerplate objections.[3]  Boilerplate objections use standardized, ready-made or all-purpose language without regard to the particular discovery request.[4]  General objections refer to objections that a party responding to discovery asserts as applicable to multiple individual requests set forth in a given set of discovery requests.[5]  A general objection untethered to specific requests (and is thus also a boilerplate objection) is improper.[6]  A proper objection must be specific and correspond to specific discovery requests.[7]

---

[2] 8B CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2173 (3d ed. 2021).
[3] *See, e.g.*, *Chevron Midstream Pipelines LLC v. Settoon Towing LLC,* Nos. 13-2809, 12-3197, 2015 WL 269051, at *3 (E.D. La. Jan. 21, 2015) (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request.") (citation omitted); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485–86 (5th Cir. 1990) (simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection.") (citations omitted).
[4] *See Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 20-42, 2020 WL 6559869, at *3 (E.D. Tex. Nov. 9, 2020) (citation omitted) (providing examples for boiler plate language, such as "Defendant objects to this Request, as it is overly broad and vague" and "Defendant objects to this Request to the extent it seeks discovery of information that is irrelevant and not proportional to the needs of the case.").  Objections are deemed "boilerplate" when they are identical and not tailored to the specific discovery request.  *Amazing Ins., Inc. v. DiManno*, No. 19-1349, 2020 WL 5440050, at *5 (E.D. Cal. Sept. 10, 2020) (citation omitted).
[5] *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 134 n.16 (3d Cir. 2009).
[6] *See DL v. Dist. of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) (citation omitted) ("When faced with general objections, the applicability of which to specific document requests is not explained further, this Court will not raise objections for the responding party, but instead will overrule the responding party's objections on those grounds." (internal quotations omitted)).
[7] *Dickey v. Apache Indus. Servs., Inc.*, No. 18-572, 2019 WL 4261117, at *3 (M.D. La. Sept. 9, 2019) (collecting cases); *see Hall v. Louisiana*, No. 12-657, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014) ("Defendants initially gave general objections applicable to all of Plaintiff's discovery requests.  But critically, after providing their general objections, Defendants addressed each and every discovery request individually, making specific objections before providing detailed and informative responses, notwithstanding those objections.").

Thus, the party objecting must state how the objection "relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'"[8] The objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[9] Further, it is improper for parties responding to discovery to provide responses with the caveat that they are given "subject to and without waiving" objections. Federal courts have repeatedly recognized that such language is improper and inconsistent with the Federal Rules.[10]

When a party claims it would suffer an undue burden or expense, that party is typically in the best position to explain why, while the party claiming the information is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them." FED. R. CIV. P. 26 advisory committee's notes to 2015 amendment. Thus, it bears the burden of making a specific objection and showing that the discovery fails Rule 26(b)'s proportionality calculation by coming forward with specific information to address the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[11] "The court's responsibility, using all the

---

[8] *Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (quotations omitted).
[9] *Chevron,* 2015 WL 269051, at *3 (noting objections are boilerplate and insufficient if they merely state "the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond.") (citation omitted).
[10] *Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) (citations omitted) ("The practice of asserting objections and then answering 'subject to' and/or 'without waiving' the objections–like the practice of including a stand-alone list of general or blanket objections that precede any responses to specific discovery requests–may have developed as a reflexive habit . . . [but the practice] 'manifestly confuses (at best) and mislead[s] (at worse), and has no basis at all in the Federal Rules of Civil Procedure.'").
[11] *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 226 (N.D. Tex. 2016).

4

information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." FED. R. CIV. P. 26 advisory committee's notes to 2015 amendment.

When a party objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."[12] Objections interposed without also indicating whether any document or information is being withheld are improper.[13] Responses must also clearly state whether any responsive materials are being withheld and the specific basis for objecting and not producing same.[14]

### C. Rule 36 Admissions

#### 1. Issuing and Responding to Requests for Admission

Rule 36 authorizes a party to request another party "to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" relating to facts, application of law to facts, or opinions about either. FED. R. CIV. P. 36(a)(1)(A) (emphasis added). Rule 36 instructs litigants how to answer and object to requests for admission:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

---

[12] FED. R. CIV. P. 34(b)(2)(C); *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016), *objections overruled sub nom. Orchestratehr, Inc. v. Trombetta*, No. 13- 2110, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).
[13] *See Chevron*, 2015 WL 269051 at *4 (holding that objections fall woefully short of objecting party's burden when party objected to documents and information protected by privilege but did not describe whether any documents were withheld or the nature of withheld documents).
[14] *Id*. (citation omitted) ("Objections that fail to provide an appropriate basis make it difficult for the parties to even informally discuss any alleged defects in a discovery request or response in hope of fixing the defects.").

FED. R. CIV. P. 36(a)(4).

> The ground for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

FED. R. CIV. P. 36(a)(5). The denial of a request for admission "as written" without further explanation is evasive and non-compliant with Rule 36.[15] When a responding party has semantic objections to how the requests for admission are drafted and its qualified denials are partial in nature, the party must identify, in good faith, the extent to which it admits the requests for admission.[16]

Requests for admission are not principally discovery devices and are not a substitute for the discovery process used to uncover evidence.[17] "In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party."[18] Requests for admissions allow litigants to winnow down issues before trial and focus their energy and resources on disputed matters.[19]

2. **Deemed Admissions**

Rule 37 does not provide for a motion to compel answers to Rule 36 requests for admission, nor does it contemplate a motion to deem requests admitted.[20] Instead, the requesting party may file a motion to determine the sufficiency of an answer or objection to its requests for admission. FED. R. CIV. P. 36(a)(6). Unless the court finds an objection justified, it must order that an answer be served and, if the court finds that an answer is noncompliant with the Federal Rules, it may order that the matter is admitted or direct the party to serve an amended answer. *Id.*

---

[15] *XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, No. 12–2071, 2014 WL 295053, at *4 (E.D. La. Jan. 27, 2014).
[16] *Janko v. Fresh Market, Inc.*, No. 13-648, 2015 WL 4714928, at *4 (M.D. La. Aug. 5, 2015) (citations omitted).
[17] *In re Katrina Canal Breaches*, No. 05-4182, 2007 WL 1852184, at *2 (E.D. La. June 27, 2007) (citations omitted).
[18] *Am. Auto. Ass'n, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).
[19] *In re Katrina Canal Breaches*, 2007 WL 1852184, at *1 (citing 8A WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2254 (1994)).
[20] *VeroBlue Farms USA, Inc. v. Wulf*, ___F.R.D. ___, 2021 WL 5176839, at *4 (N.D. Tx. Nov. 8, 2021).

A matter is deemed admitted unless, within 30 days of service, the party to whom the request is directed provides a written answer or objection addressed to the matter and signed by the party or its attorney. FED. R. CIV. P. 36(a)(3). A shorter or longer time to respond may be stipulated to under Rule 29 or ordered by the court. *Id*. "A deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)."[21] A litigant that wishes to avoid the consequences of failing to timely respond to rule 36 requests for admissions must move the court to amend or withdraw the default admissions in accordance with the standard outlined in rule 36(b), which provides in pertinent part:[22]

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. . . .

FED. R. CIV. P. 36(b).

The Court may allow a party to withdraw a deemed admission if same (1) would serve the presentation of the case on its merits, and (2) not prejudice opposing party who obtained the admissions. Under the first prong, the court considers whether refusing to permit withdrawal or amendment would have the practical effect of eliminating any presentation of the merits, whether the admission is contrary to the record, whether the admission is no longer true because of changed circumstances, and whether a party has made an honest error.[23] Prejudice under the second prong does not arise simply because the party who obtained the admission will now have to convince the

---

[21] *In re Carney,* 258 F.3d at 419 (citing *Am. Auto. Ass'n v. AAA Legal Clinic,* 930 F.2d 1117, 1120 (5th Cir, 1991) (holding district court may not *sua sponte* allow for the withdraw or amendment of admissions)).
[22] *Id.*
[23] *Aircraft Holding Solns., LLC v. Learjet, Inc*., 18-0823, 2021 WL 2434840, at *2 (N.D. Tex. June 15, 2021) (citing *Fakhuri v. Farmers New World Life Ins. Co*., No. 09-1093, 2010 WL 3701575, at *2 (S.D. Tex. Sept. 16, 2010) (quoting *Le v. Cheesecake Factory Rests. Inc*., No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007) (per curiam) (unpublished opinion))).

fact finder of its truth[24] or incur costs of discovery to replace the deemed admissions.[25]  Rather, the necessary prejudice relates to the difficulty a party may face in proving its case, such as the unavailability of key witnesses as a result of the sudden need to obtain evidence with respect to the questions previously answered by the admission.[26]  Courts also consider the timing of the motion, the time remaining before expiration of the discovery deadline, and the diligence of the party.[27]  Regardless, even if a party establishes these two factors, the court retains discretion to deny a request to withdraw an admission.[28]

### III.  ANALYSIS

#### A.  Motion to Compel Discovery Responses

Plaintiff's motion seeks to compel responses to interrogatories, requests for production, and requests for admission.  ECF No. 9.  Defendants indicate, and Plaintiff acknowledges, that the responses have now been produced.  *See* ECF No. 11-2 at 1.  Having received the responses, Plaintiff's pending motion, which simply seeks responses, is now moot.  To the extent Plaintiff objects to the responses, those issues have not been properly briefed thus precluding resolution at this time.

---

[24] *N. La. Rehab. Ctr.*, 179 F. Supp. 2d 658, 663 (W.D. La. 2001) (quoting *F.D.I.C. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) (internal citations omitted)).
[25] *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir. 1983).
[26] *Wild v. St. Tammany Par. Hosp. Serv. Dist. No. 1*, No. 19-10931, 2021 WL 6446363, at *2 (E.D. La. Mar. 30, 2021) (Guidry, J.) (citing *Express Lien, Inc. v. RoHillCo Bus. Servs. LLC*, No. 13-4889, 2014 WL 1870621, at *2 (E. D. La. May 8, 2014) (quoting *In re Carney*, 258 F.3d at 420)); *see also Fakhuri,* 2010 WL 3701575, at *2.
[27] *Branch Banking & Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 660 (E.D.N.C. 1988) (denying withdrawal where party, with due diligence, could have accessed the information needed to respond to request for admissions yet had failed to do so*); N. La. Rehab. Ctr.*, 179 F. Supp. 2d at 663 (permitting withdrawal when party obtaining the admissions failed to show that it would not be able to present alternative evidence and adequate time remained before trial to conduct limited discovery).
[28] *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 244 (5th Cir. 2014) (citing *In re Carney*, 258 F.3d at 419-20).

## B. Requests for Admission

Plaintiff served her Requests for Admission on September 31, 2023, rendering same due on October 31, 2023, which deadline was extended to December 31, 2023, by agreement. *See* ECF No. 9-2 at 6, 9. When Plaintiff had not received responses by January 15, 2024, she filed this motion asking that the court recognize that the admissions have been deemed admitted. ECF No. 9 at 3. In Opposition, Defendant asserts that the court should permit it to withdraw the deemed admissions so that the case may proceed on the merits and avers that the plaintiff will suffer no prejudice from the withdrawal. ECF Nos. 10 at 3-5; 11 at 3.

Allowing Defendant to withdraw the deemed admissions is proper. This litigation is in its early stages, with the discovery deadline nearly six months away.[29] Moreover, some of the requests for admission go to the heart of this matter. ECF No. 10-5. Others involve the existence of video camera footage of the alleged fall, which Defendant indicates it does not have. *Id*. at 2. Holding Plaintiff to her burden of proof is insufficient to establish prejudice. Allowing Defendant to withdraw the deemed admissions is favored as it will allow for resolution of the case on its merits rather than procedural error and does not prejudice Plaintiff. Further, no other circumstances would justify the Court's exercise of its discretion to deny the request to withdraw the admissions despite satisfaction of the Rule 36(b) factors.

## IV. CONCLUSION

Defendant's delivery of responses has mooted the motion to compel which simply sought responses. Because no specific deficiencies in the delinquent responses were identified and briefed with initial and opposition memoranda, the matter is not ripe for resolution. Defendant is,

---

[29] *See* Scheduling Order at ECF No. 8 at 2 (establishing a July 23, 2024 discovery deadline).

however, instructed to review the Court's discussion in Section II(B) and correct any deficiencies to avoid potential sanctions incident to a motion to compel.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Compel and Strike Untimely Denials (ECF No. 9) is DENIED WITHOUT PREJUDICE and Defendant's Motion to Withdraw Admissions (ECF No. 10) is GRANTED.

New Orleans, Louisiana, this __7th__ day of February, 2024.

                                                     DONNA PHILLIPS CURRAULT
                                               UNITED STATES MAGISTRATE JUDGE